## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**LAURA HARMAN,**
**a/k/a Laura Harmon,[1]**
     **Petitioner,**

**v.**                                          **Case No.  5:06cv104/SPM/MD**

**JAMES R. MCDONOUGH,**
     **Respondent.**

_____

## REPORT AND RECOMMENDATION

     **Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 15).  Petitioner has filed a reply.  (Doc. 18).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.**

_____

     **[1]Throughout her filings in this court, petitioner alternates between two spellings of her last name:  "Harman" and "Harmon."  In addition, state trial and appellate court documents alternatively refer to petitioner as Laura "Harman" and "Harmon."  Petitioner is incarcerated under the name "Harmon," and assigned Florida Department of Corrections DC#Q13684.**

## BACKGROUND AND PROCEDURAL HISTORY

By information filed on October 8, 2002, petitioner was charged with second degree murder in the Circuit Court of Bay County, Florida, case number 02-2503. (Doc. 15, ex. A).[2]  She was convicted upon jury verdict of the lesser included offense of manslaughter, and sentenced to fifteen years imprisonment.  (Exs. F-H).  The Florida First District Court of Appeal (Florida First DCA) affirmed her conviction and sentence without written opinion on June 30, 2004.  *Harman v. State*, 876 So.2d 564 (Fla. Dist. Ct. App. 2004) (Table) (copy at ex. L).

On June 24, 2005, petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  (Ex. M).  The state court summarily denied relief without an evidentiary hearing on November 3, 2005.  (Ex. O).  The Florida First DCA affirmed the denial order without written opinion on April 6, 2006, with the mandate issuing May 2, 2006.  *Harman v. State*, 926 So.2d 1274 (Fla. Dist. Ct. App. 2006) (Table) (copy at ex. S).

During the pendency of petitioner's Rule 3.850 proceeding, petitioner filed a state petition for writ of habeas in the Florida First DCA.  (Ex. T).  The petition was denied on the merits on May 30, 2006.  *Harman v. State*, 933 So.2d 574 (Fla. Dist. Ct. App. 2006) (copy at ex. U).

Petitioner filed the instant federal habeas petition on May 19, 2006.  (Doc. 1). Respondent asserts that the petition is timely, but that two of the three claims raised therein are procedurally defaulted.

## DISCUSSION

### Exhaustion and Procedural Default

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C.

---

[2]Hereafter all references to exhibits will be to those attached to Doc. 15 unless otherwise noted.

§ 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In *Picard v. Connor*, *supra*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, 92 S.Ct. at 513, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the

---

[3]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

        (B) (i)  there is an absence of available State corrective process; or

         (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"substance" of such a claim to a state court.  In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  *Id.* 459 U.S. at 7, 103 S.Ct. at 278 (citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)).  The only manner in which the habeas petitioner had cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  *Anderson*, 459 U.S. at 7, 103 S.Ct. at 278 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  459 U.S. at 7 and n. 3, 103 S.Ct. at 278 and n. 3.

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, *supra*.  The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Duncan*, 115 S.Ct. at 888.  More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must

---

[4]The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004).  The *Baldwin* Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  *Id.*  This language, while not part of the Court's holding, provides an instructive and useful rule of thumb.  With regard to this statement, the Eleventh Circuit stated in *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion.  However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"  *McNair [v. Campbell*], 315 F. Supp. 2d at 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

*Id.*, 416 F.3d at 1302-03 (citations omitted).[5]

The Eleventh Circuit, prior to *Duncan*, had broadly interpreted the "fair presentation" requirement.[6]  However, after *Duncan*, the Eleventh Circuit has taken

---

[5]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments.  *Id.*

[6]*See, e.g., Watson v. Dugger*, 945 F.2d 367 (11th Cir. 1991) (finding issue to be exhausted when petitioner argued in state court that trial court misapplied state law when it refused to give petitioner's requested jury instruction and thereby allowed the jury to convict without necessary showing of

a more restrictive approach. For example, in *Zeigler v. Crosby*, the Circuit Court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The court specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Florida Constitution and Florida's Due Process Clause. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th

---

criminal intent, and argued in federal court that this was a due process violation); *Mattox v. Dugger*, 839 F.2d 1523 (11th Cir. 1988) (holding that a federal habeas corpus petition should not be dismissed on grounds of procedural default when a petitioner has previously brought an issue before a state court alleging only state law violations, when such a claim is equally supported by federal law, and the state cites such federal law in support of its position); *Hutchins v. Wainwright*, 715 F.2d 512, 518-19 (11th Cir. 1983) (petitioner exhausted Sixth Amendment confrontation clause claim in state court by raising hearsay objections, even though petitioner never raised Sixth Amendment claim in state court).

Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely

than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

<u>Standard of Review</u>

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

120 S.Ct. at 1523 (O'Connor, J., concurring).  Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable.  More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172.   The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  *Neelley v.* Nagle, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"  *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts

them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable."  *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521.  Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  *Holland v. Jackson*, 542 U.S. 647, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued.  *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . .");

*Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims.  *Neelley*, 138 F.3d 917.  Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication  "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that:  "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court).

_____Within this framework, the court will review petitioner's claims.

**Petitioner's Grounds for Relief**

**Ground 1.**   **"Trial court erred in denying judgement [sic] of acquittal as to manslaughter as there was not sufficient evidence to charge defendant with second degree murder."**  (Doc. 1, p. 5).

**Petitioner expounds on this claim as follows:**

> **To be indicted with second degree murder it must first be determined that the defendant shot the victim out of "ill-will, spite, hatred, malice."  It was determined that the defendant had none of the emotions that describe second degree murder.  Harman should have never been indicted for second degree murder as the statement of case and facts are not appropriate as to what actually transpired.  Therefore, it would make the court in error for not granting the judgement [sic] of acquittal to manslaughter as the defendant should have only been charged with manslaughter in the beginning.**

(Doc. 1, p. 5).[7]  Respondent contends that the foregoing claim has never been presented to any state court, and is procedurally defaulted.  Further, to the extent petitioner generally challenges the trial court's denial of her motion for judgment of acquittal which was based on different grounds, she is not entitled to habeas relief because the state court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law.  In her reply, petitioner contends that she is not presenting a new claim in Ground 1; rather, she is merely restating the claim she raised on direct appeal.  (Doc. 18, p. 2).  For the reasons that follow, the undersigned concludes that the claim raised in Ground 1 of this petition is not the same claim petitioner raised on direct appeal, and is procedurally defaulted.  Even if construed as the same claim presented on direct appeal, petitioner is not entitled to federal habeas relief because no question of a constitutional nature is involved.

A.   **Exhaustion and Procedural Default**

At the close of the state's case-in-chief, defense counsel moved for judgment of acquittal as to both second degree murder and manslaughter.  (Ex. E, p. 197).  He renewed his motion at the close of all of the evidence, arguing that taking the evidence in the light most favorable to the state, there was no evidence of ill will,

---

[7]"Ill-will, spite, hatred, malice" are not elements of manslaughter.  Fla. Stat. §§ 782.07 and 782.03 (2002); *see Pena v. State*, 829 So.2d 289, 294-95 (Fla. Dist. Ct. App. 2002).

hatred, spite, evil intent, or that petitioner intentionally fired the gun; therefore, petitioner was entitled to judgment of acquittal on the second degree murder charge. (*Id.* pp. 205-06).  Counsel further argued that there was insufficient evidence of manslaughter.  (*Id.*, pp. 206-07).  The trial court denied the motion.  (*Id.*, p. 209-10).

On direct appeal, petitioner raised one claim: "The trial court erred in denying the motion for judgement [sic] of acquittal as to manslaughter."  (Doc. 15, ex. J). She argued that the evidence as to her intent at the time of the shooting was circumstantial and did not preclude the reasonable hypotheses of innocence that the shooting was accidental.  (*Id.*, ex. J, p. 19).  The appellate court affirmed petitioner's manslaughter conviction without written opinion.

Petitioner now appears to be claiming that the trial court erred in denying the motion for judgment of acquittal because there was never enough evidence to charge her with second degree murder in the first place, much less to allow the case to go to the jury on the second degree murder charge.  That is not the same claim petitioner raised on direct appeal.  She would be precluded from now raising her present claim in the state courts, as the state procedural rules do not provide for a second direct appeal.  Therefore, it is considered procedurally defaulted.  Petitioner has made none of the requisite showings to excuse her default.  Therefore, this court should not consider the claim.

Even if this court construed Ground 1 of the petition as presenting the same claim petitioner raised in her direct appeal, petitioner is not entitled to federal habeas relief because that claim does not present a federal constitutional claim.  On direct appeal, petitioner, represented by counsel, argued that under Florida law, specifically *State v. Law*, 559 So.2d 187, 188 (Fla. 1989), her conviction could not be sustained because the only proof of guilt was circumstantial, and the evidence did not preclude the reasonable hypotheses of innocence that the shooting was accidental.  In support thereof, she argued:

> The trial court's denial of the motion for judgment of acquittal was error because, taking the evidence in the light most favorable to the state, while the evidence established that appellant had shot the victim, it failed to dispute the appellant's theory of innocence that the shooting was accidental or excusable homicide.  As the evidence of the appellant's intent was purely circumstantial, no matter how strongly the

> evidence may suggest a criminal intent, this conviction cannot be
> sustained because the evidence is not "inconsistent with any
> reasonable hypotheses of innocence."  *State v. Law, Id.*

(Ex. J, p. 22).  Petitioner's brief did not make a single reference to the United States
Constitution or any federal statute, and she cited no federal cases in support of her
argument.   Her position was grounded solely on state law--Florida law on
circumstantial evidence.  In Florida, where the only proof of guilt is circumstantial,
no matter how strongly the evidence may suggest guilt, a conviction cannot be
sustained unless the evidence is inconsistent with any reasonable hypothesis of
innocence. *State v. Law, supra.*  The claim petitioner raised under this state-law rule
is distinct from a sufficiency of the evidence claim arising under the Constitution.
The question under the federal constitutional standard is whether, after assessing
the evidence in the light most favorable to the prosecution, any rational fact-finder
could have found the essential elements of the crime beyond a reasonable doubt.
*Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  The
requirement that the state preclude all possible hypotheses of innocence in a
circumstantial evidence case is not required by the federal constitution.  Thus, even
assuming, without deciding, that identical standards might overcome a petitioner's
failure to identify her claim as federal, Florida's rule regarding circumstantial
evidence is not identical to the *Jackson* standard.  *See, e.g., Howell v. Mississippi*,
543 U.S. 440, 443-44, 125 S.Ct. 856, 859, 160 L.Ed.2d 873 (2005) (holding that writ of
certiorari to the Supreme Court of Mississippi would be dismissed as improvidently
granted, where petitioner did not properly present his claim in that court as one
arising under federal law; in the relevant argument, petitioner did not cite the
Constitution or any cases directly construing it, but presented a daisy chain of
citations, only the last of which concerned a federal claim; rejecting petitioner's
argument that he raised his federal claim by implication because the state-law rule
on which he relied on direct appeal was identical--"Assuming, without deciding, that
identical standards might overcome a petitioner's failure to identify his claim as
federal, Mississippi's rule regarding lesser-included-offense instructions is not
identical to [the federal standard]").

It is well settled that federal habeas relief is available to correct only constitutional injury.  28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance.  [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991) (quoting *Carrizales, supra*).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair."  *Tejada v. Dugger*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly."  *Estelle*, 502 U.S. at 352, 110 S.Ct. 668.  For the reasons outlined by the state in its answer brief on petitioner's direct appeal, (ex. K, pp. 9-36), the undersigned concludes that the instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent.

Based on the foregoing, petitioner is not entitled to federal habeas relief on Ground 1 of her petition.

Ground 2.  <u>"The court violated the defendant's speedy trial rights when it granted an extension of time past the 180 days, which led to the state's conviction."</u>  (Doc. 1, p. 5).

Petitioner expounds on this claim as follows:

The state did not issue timely subpoenas to FDLE Crime Lab in order for evidence to be processed in time to comply with speedy trial limitations.  An evidence kit was completed and returned "negative" however, it wasn't served timely then a second evidence was

completed and sent off.   Thereby again delaying speedy trial time.
State failed to diligently prepare for trial.

(Doc. 1, p. 5).   Respondent contends that although petitioner presented this claim
to the state court in her Rule 3.850 motion, that court determined that the claim was
procedurally barred, and denied relief.   Therefore, the claim is procedurally
defaulted. (Doc. 15, p. 11).   Respondent is correct.

In ground one of her Rule 3.850 motion, petitioner claimed that her conviction
was obtained in violation of her speedy trial rights.  (Ex. M, p. 3).   Specifically, she
argued that the trial court violated her right to a speedy trial "when the court granted
an extension past the 180 requirement to meet speedy trial pursuant to Florida R.
Crim. P. 3.191." (*Id.*, pp. 3-6).   The state court ruled that the claim was procedurally
barred, because it could have and should have been raised on direct appeal.  (Ex.
O).  The court went on to note that in any event, it was without merit.  The appellate
court affirmed the denial order without written opinion.  (Ex. S).  The state court
relied on the procedural bar as an independent basis for its decision.   The
procedural bar was adequate to support the judgment, because it is firmly
established and a regularly followed state practice in cases such as petitioner's.
*Teffeteller v. State*, 734 So.2d 1009, 1016 (Fla. 1999) (holding that substantive claims
raised by post-conviction relief movant were procedurally barred because they could
have been raised on direct appeal); *Smith v. State*, 445 So.2d 323, 325 (Fla. 1983)
(holding that, "[i]ssues which either were or could have been litigated at trial and
upon direct appeal are not cognizable through collateral attack.").  Therefore, this
court should consider the claim procedurally defaulted.  Petitioner does not address
the procedural default issue in her reply, much less attempt to excuse it.  Thus, the
court should not review the merits of this claim.[8]

_____

[8]Although petitioner does not attempt to show cause or prejudice to excuse her default, it is
noted that petitioner filed a state habeas petition claiming that appellate counsel was ineffective for
failing to appeal the trial court's granting an extension under Florida's speedy trial rules.  (Ex. T).
However, appellate counsel's performance in this regard does not excuse petitioner's default.  It is
well settled that a habeas petitioner cannot base her cause and prejudice for procedural default on
her attorney's performance unless the attorney's performance was "constitutionally ineffective under
the standard established in *Strickland v. Washington*," 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984).  *Coleman*, 501 U.S. at 752, 111 S.Ct. at 2566; *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct.
1587, 1591, 146 L.Ed.2d 518 (2000); *Brownlee v. Haley*, 306 F.3d 1043 (11th Cir. 2002).  If petitioner
cannot prevail on a separate ineffective assistance claim, then she cannot prevail on an argument that

**Ground 3.** **"Counsel was ineffective as he failed to file a Writ of Prohibition for trial court granting state an extension of speedy trial time."** **(Doc. 1, p. 6).**

**Petitioner describes the facts supporting this ground as follows:**

> **Defense counsel should have filed a Writ of Prohibition when the trial court overstepped it's [sic] bounderies [sic] by granting the extension of time filed by the State when defense exercised their right to a speedy trial by filing the motion for a speedy trial.  Trail [sic] court allowed the extension of time to supercede the alloted [sic] amount of time allowed by law for defense to be heard when filing a motion for speedy trial.  Counsel's performance fell below a minimum guideline when he allowed the court to exercise it's [sic] discreation [sic] without defense counsel fighting for the defendant's rights by filing the Writ of Prohibition.**

(Doc. 1, p. 6).  The parties agree that petitioner exhausted her state court remedies with regard to this ground by presenting it in her Rule 3.850 motion for post-conviction relief.  (Doc. 15, p. 18).

### A.    Clearly Established Federal Law

In order to prevail upon a claim of ineffective assistance of counsel, the petitioner must prove that:  (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The purpose of ineffectiveness review is not to grade counsel's performance."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*).  In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance.  *Chandler* at 1314.  "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel

---

ineffective assistance caused the procedural default.

As the discussion in Ground 3, *infra*, demonstrates, the trial court's granting an extension was proper, and well within its discretion under Florida Rule of Criminal Procedure 3.191.  Because there is no reasonable probability that the result of petitioner's direct appeal would have been different had appellate counsel raised this issue, petitioner is unable to meet *Strickland*'s prejudice prong and, therefore, unable to use her appellate attorney's performance to excuse her default.

are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.), *cert. denied*, 513 U.S. 899, 115 S.Ct. 255, 130 L.Ed.2d 175 (1994). In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance." *Waters* [*v. Thomas*, 46 F.3d 1506], 1522 (en banc). Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness. *Chandler* at 1314 (footnote omitted). Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment.

*Chandler* at 1314 n.15.

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S.Ct. at 2067. Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068. Without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are not sufficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). In applying *Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).

**B.      Federal Review of State Court Decision**

The state court denied relief on this claim, finding that defense counsel filed a Notice of Expiration of Speedy Trial Time, orally renewed the motion prior to trial, and preserved the issue for appeal. (Ex. O). The appellate court affirmed the denial order without written opinion. (Ex. S). The state court's denial of relief was neither contrary to, nor an unreasonable application of *Strickland*.

Florida Rule of Criminal Procedure 3.191(a) and (d) provide that a criminal defendant must be brought to trial on a felony charge within 175 days of arrest. If not brought to trial within that time, she may file a notice of expiration of the speedy trial period. Fla. R. Crim. P. 3.191(p)(2). If none of the reasons provided within subdivision (j) apply, she must be tried within the 15-day recapture period. Fla. R. Crim. P. 3.191(p)(3). If that does not occur, she may file a motion for discharge. *Id.*

In the instant case, petitioner was arrested on August 30, 2002. On February 17, 2003, the 171st day after her arrest, the state moved for a continuance. (Ex. C). The motion was denied, a jury was selected, and the trial date of February 20, 2003 was confirmed. (*Id.*). On February 20, 2003, the 174th day after petitioner's arrest, the state renewed the motion for continuance on the grounds that two of the most significant pieces of evidence (a gunshot residue test of the victim, and a distance report) were not available despite efforts to secure it (the FDLE lab was being relocated and its equipment was inaccessible), but would become available at a later time. (Ex. D). Defense counsel objected. Finding an exceptional circumstance under Rule 3.191(l)(3), the court granted a continuance, extended the speedy trial time, and scheduled trial for March 10, 2003. (*Id.*, pp. 15-16). On February 24, 2003 defense counsel filed a Notice of Expiration of Time for Speedy Trial. (Ex. B). On the first day of trial,  March 10, 2003, defense counsel moved for discharge. (Ex. E, p. 5). The trial court denied the motion. (*Id.*). Petitioner's trial proceeded that day.

Petitioner contends counsel should have immediately sought a writ of prohibition or "appealed" the trial court's decision to grant an extension of the speedy trial period, because the facts upon which the trial court relied in order to find the existence of an exceptional circumstance did not justify such a finding. (Doc. 1, p. 6; doc. 15, ex. M, p. 7). She argues that the state neglected to diligently

prepare for trial by failing to timely subpoena evidence from the FDLE crime lab.

Under Florida law, a prohibition proceeding "is only appropriate to review the legal sufficiency of the order denying discharge; it is not an appropriate proceeding for determining disputed issues of fact or to review the sufficiency of the evidence to support the trial court's findings on which the order denying discharge is based." *McKinney v. Yawn*, 625 So.2d 885, 886 (Fla. Dist. Ct. App. 1993) (citing *Sherrod v. Franze*, 427 So.2d 161, 163, 164 (Fla. 1983)).

In order to succeed on a petition for writ of prohibition, defense counsel would have to have shown that the trial court was required to grant petitioner's motion for discharge pursuant to Rule 3.191(j) or (p) so as to deprive that court of jurisdiction to proceed with a trial. There is no reasonable probability defense counsel could have made the requisite showing. Contrary to petitioner's argument, the trial court's order granting the extension was legally sufficient in that it showed that two significant pieces of evidence could not be tested within the 15-day recapture period, despite diligent effort by the state, due to the temporary inaccessibility of the FDLE crime lab. (Ex. D). Petitioner has not shown a reasonable probability exists that counsel petitioning for a writ of prohibition would have been successful. The state court did not unreasonably apply *Strickland* when it denied relief on this claim.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Laura A. Harmon*, in the Circuit Court of Bay County, Florida, case number 02-2503, be DENIED and the clerk be directed to close the file.

At Pensacola, Florida this 14th day of June, 2007.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**